## The Derry Bank *v.* A. C. Heath & al.

Where the principal defendant had filed his bill in equity, and obtained a temporary injunction to stay plaintiffs' action at law against him, and had also, agreeably to the rule of court in such cases, also filed his bond of indemnity with sureties; and where the principal defendant had failed to maintain his said bill, and thereby become liable on his bond of indemnity, as the reasonable damages which plaintiffs should recover under his said bond; *held*, that during the time plaintiffs were delayed by said injunction, they should be allowed to recover their legal taxable costs, both in the suit at law and the bill in equity, provided the plaintiffs have not or cannot realize the same on the original proceedings against the principal defendant; also, plaintiffs' reasonable counsel fees which they are liable to pay in both of the original cases, for the same time.

Plaintiffs should not recover, as damages under his bond, the interest accruing on the original note in the suit at law, unless they can show that the original defendants have become insolvent since the injunction, or that the plaintiffs have suffered some damage equal to such interest, without fault.

Debt, on bond, dated February 11th, 1861, in the penal sum of $500, with the following condition :

"The condition of this obligation is such, that, whereas an injunction has this day been issued by the Hon. J. E. Sargent, one of the Justices of the Supreme Judicial Court of said State, against said Derry Bank, upon the petition of said Albe C. Heath ; now if the said Heath shall pay and satisfy to said Bank, all such damages as may be occasioned to the said Bank by reason of said injunction in case the proceeding in which said injunction has been issued shall be determined against himself, then this obligation shall be void, otherwise in force."

For the purposes of this decision, and no other, the following facts are agreed upon :

That the injunction spoken of in said condition was issued upon the filing of a bill in equity by said Heath against said Bank to stay a suit at law in favor of said Bank against said Heath as surety on a promissory note, and to obtain a decree, discharging him from the payment of

said note; that said suit in equity, after the taking of testimony and the hearing of the parties, was decided against said Heath, and the Bank recovered judgment in the suit at law for the amount of the note and interest and costs.

The plaintiffs claim to recover in this suit:

First. The interest on said note during the time that the bill in equity was pending and the suit at law stayed.

Second. The taxable costs and counsel fees in the suit at law during the same time.

Third. The taxable costs and counsel fees in the equity suit.

If, upon the foregoing facts, the court are of opinion that the action cannot be maintained for any of the claims stated, then the plaintiffs are to become nonsuit, but if it can be maintained, then the case is to be discharged.

*A. W. Sawyer,* for plaintiffs, referred the Court to *Blaisdell* v. *Blaisdell,* 14 N. H. 81; *Loomis* v. *Bedel,* 11 N. H. 74; *French* v. *Parish,* 14 N. H. 500; *Lyman* v. *Lull,* 4 N. H. 498.

*Eastman & Cross,* for defendant, referred to the Rule of Court, being the 36th Rule in Chancery, 38 N. H. 612.

NESMITH, J. In this action, the plaintiffs are entitled to recover whatever damages, they may in fact have sustained by reason of the forfeiture of the condition of the bond in suit. *Blaisdell* v. *Blaisdell,* 14 N. H. 81. The damages to the plaintiffs are such as naturally result from the dilatory operation of the bill in equity, and the injunction which stayed plaintiffs' suit at law, and the costs incident to such legal proceedings. It is understood that the decision of the court was adverse to the maintenance of the bill in equity by the defendant, because there was a full and adequate remedy at law for his complaint.

The first claim for damages made in this case by the plaintiffs is for such interest on their note in the suit at law, as accrued during the time of the pendency of the bill in equity, or the stay of the suit at law. We think, however, that, before the plaintiffs should be allowed for this item of their claim, they should make it appear by satisfactory evidence to the court, that the signers to the note of the plaintiffs embraced in their suit at law, had become insolvent; or, in some other way, without fault of the plaintiffs, they had suffered damage to an amount equal to such interest.

The plaintiffs should be allowed, during the time they were delayed by the defendant's injunction, their legal taxable costs both in the suit at law and the bill in equity, provided the same has not or cannot be realized, from the parties, defending the suit at law, or prosecuting the said bill in equity.

The plaintiffs should also be allowed, as damages in this case, such reasonable counsel fees as they have paid, or are liable to pay to their counsel, for the same time, in both cases.

In this class of injunction bonds, courts are authorized to proceed on liberal grounds, and upon such principles as will give adequate indemnity for the injury or loss, which has been occasioned to the innocent party who has suffered from unjust delay. Some of the rules applicable to this class of cases are well discussed in *Parish & al.* v. *French & al.*, 14 N. H. 497.

Under the agreement of the parties,

*This case is discharged.*